UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT A. GIBBS,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SHASTA, et al.,<br><br>Defendants. | No. 2:18-cv-2262-MCE-EFB P<br><br><br><br>ORDER |

Plaintiff, a former county jail inmate proceeding without counsel in an action brought under 42 U.S.C. § 1983, seeks leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. His affidavit required by § 1915(a) shows that he is unable to prepay fees and costs or give security therefor. Accordingly, his request to proceed in forma pauperis (ECF No. 14) is granted.[1]

Determining that plaintiff may proceed in forma pauperis does not complete the required inquiry. The court must screen his complaint pursuant to 28 U.S.C. § 1915A(a).[2] In doing so, the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if

---

[1] The November 16, 2018 findings and recommendations (ECF No. 8) recommending that this action be dismissed because of plaintiff's failure to either pay the filing fee or seek leave to proceed in forma pauperis are vacated.

[2] Plaintiff was confined to the Shasta County Jail when he filed his complaint. ECF No. 1.

1

the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Here, plaintiff alleges that the Shasta County District Attorney's Office is violating his due process rights in connection with one or more proceedings in which he is a criminal defendant. This action fails for this reason alone. Claims challenging aspects of the proceedings and rulings in an ongoing case must be raised in those proceedings or on appeal afterwards. This court must abstain from hearing those challenges based on the *Younger* Abstention Doctrine. *See Younger v. Harris*, 401 U.S. 37, 45, 46 (1971). *Younger* requires a district court to dismiss a

federal action if the relevant state proceedings are: (1) ongoing, (2) implicate important state interests, and (3) provide plaintiff an adequate opportunity to raise the federal issue. *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001). All of these elements appear satisfied here – the criminal proceedings appear to be ongoing, important state interests are implicated in a criminal prosecution, and there is no indication that plaintiff could not raise his claims in his criminal cases. Further, there is no allegation of extraordinary circumstances which would warrant federal intervention. *See Younger*, 401 U.S. at 45 (federal courts may not intervene in state criminal actions "except under extraordinary circumstances where the danger of irreparable loss is both great and immediate."). In an abundance of caution, the court will grant plaintiff leave to file an amended complaint showing that this action is not barred by *Younger*.

The court notes, however, that if plaintiff has since been convicted of a crime in Shasta County, his claims may nevertheless be barred by *Heck v. Humphrey*, 512 U.S. 477, (1994). *Heck* holds that if success in a section 1983 action would implicitly question the validity of confinement or its duration, the plaintiff must first show that the underlying conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or questioned by the grant of a writ of habeas corpus. *Muhammad v. Close*, 540 U.S. 749, 751 (2004). If plaintiff were to succeed on his due process claims, it would likely call into question the validity of his conviction and confinement. As a general rule, a challenge in federal court to the fact of conviction or the length of confinement must be raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973).

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 14) is granted;
2. The November 16, 2018 findings and recommendations (ECF No. 8) are vacated; and
3. The complaint is dismissed with leave to amend within 30 days. Failure to comply with this order may result in a recommendation that this action be dismissed.

DATED: March 28, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE